UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD J. SIMPSON,

    Plaintiff,

v.                                          CASE NO. 2:09-CV-14353
                                          HONORABLE STEPHEN J. MURPHY

PRISON HEALTH SERVICES, et al.,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before the Court is Plaintiff Richard J. Simpson's *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. Plaintiff asserts that he has been denied proper medical care and has been subject to retaliation for complaining about that care. He names Prison Health Services, Michigan Department of Corrections Director Patricia Caruso, Chief Medical Officer Dr. George Pramstaller, Muskegon Correctional Facility Warden Shirlee Harry, and several health care employees at that facility as defendants in this action. Plaintiff seeks monetary damages and injunctive relief.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there

is no other district in which plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan is a more appropriate forum for this action. Defendants Caruso and Pramstaller reside in Lansing, Michigan which is in Ingham County. Plaintiff and the remaining correctional facility defendants reside in Muskegon, Michigan which is in Muskegon County. The events giving rise to the complaint also occurred in those counties. Both Ingham and Muskegon Counties lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. 28 U.S.C. §§ 1391(b) and 1404(a).

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: November 18, 2009